■ CHARMIAN CHAPLAN, Mother on Behalf of Her Children, Respondent, v. ABRAHAM CHAPLAN, Appellant.— Order of the Family Court entered February 13, 1969, unanimously modified, on the law and on the facts, without costs or disbursements to reduce the allowance of additional counsel fee from $2,000 to $500, and otherwise affirmed. Considering the extent of the services rendered, the reduced allowance is adequate compensation. Concur — Capozzoli, J. P., Tilzer, McGivern, Markewich and Steuer, JJ.

■ MATHILDE FRIEDMAN et al., Respondents, v. GREYHOUND LINES, INC., et al., Appellants, et al., Defendants.— Order entered December 9, 1968, which denied defendants' motion for a protective order pursuant to CPLR 3103 (subd. [a]) to vacate a notice to take the deposition of defendants, Greyhound Lines, Inc., and Alvin Riley Creason, unanimously reversed on the law and the facts and in the exercise of discretion, without costs or disbursements, and the motion granted without prejudice to an application by plaintiffs for the taking of the testimony of said defendants upon written interrogatories or open commission in California at the option of the plaintiffs, or, if the bus driver is to be a witness or appear at the trial, then, at plaintiff's option, the examination shall be held here five days before the trial. In the special circumstances of this case, it is appropriate that examination of the appellants should be had in California. The parties shall pay their respective expenses of such an examination, and the expenses so incurred are to be taxed as a disbursement by the party ultimately succeeding in the action. (See *Osborne* v. *Miller*, 30 A D 2d 654; *Walborsky* v. *Wolf*, 28 A D 2d 1120.) Concur — Stevens, P. J., Eager, Tilzer, Markewich and Steuer, JJ.

■ FRANK RIDOLFI, Appellant, v. FREDERIC S. BERMAN, as Commissioner of Department of Rent and Housing Maintenance, Respondent.— Judgment entered December 3, 1968, dismissing petition of landlord-owner, unanimously reversed on the law, without costs or disbursements to either party, the determination of the Rent Commissioner annulled and the matter remanded for further proceedings in respects of the bona fide plans of the petitioner for future occupancy. It is represented that the building in question is actually and historically a one-family building, the dimensions of which are 18 feet by 36 feet, that the present Building Code requires a room to be 12 feet by 15 feet, and that if the petitioner were to occupy the present apartments in this small building pursuant to his present plans, he would have but two bedrooms, in addition to a living room and a dining room, a kitchen alcove and a bath. Since this building has been owned by petitioner or his deceased wife since 1956, an ameliorative distinction should in fairness be made in favor of the owner on the further representation he himself will actually occupy the entire apartment premises. Although normally, we are reluctant to interfere with any administrative ruling, we do so here without fear of any undue precedent, because of the wholly unique and singular circumstances prevailing, not likely ever to recur. We think such a disposition better meets the test of rationality which must apply in all the quasi-judicial determinations of administrative agencies. (*Matter of 125 Bar Corp.* v. *State Liq. Auth.*, 24 N Y 2d 174, 178.) Concur — Stevens, P. J., Eager, McGivern, Markewich and Nunez, JJ.